UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON SCALF, *Pro Se*, | Case No.: 1:18 CV 317 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CUYAHOGA COUNTY JAIL, *et al.*, | MEMORANDUM OF OPINION AND ORDER |
| Defendants | |

*Pro se* Plaintiff Jason Scalf filed this action under 42 U.S.C. § 1983 against the Cuyahoga County Jail and the Lakewood Police Department. In the Complaint, Plaintiff alleges he was struck by a police car, arrested, and held under maximum security conditions. He asserts claims under 18 U.S.C. § 245 and seeks monetary damages.[1]

**Background**

Plaintiff's Complaint is very brief. He alleges he had been drinking on the evening of October 8, 2017, when he decided to jaywalk across a Lakewood street. He indicates he was struck by an officer's car. He claims he was arrested and taken to the precinct where he was "strapped to a chair with a bag on [his] head, and instigated until provoked." (ECF No. 1 at 5). He does not specify whether the event occurred at the Lakewood City Jail or at the Cuyahoga County Jail. He

---

[1] Plaintiff also requested release from custody; however, he filed a change of address on May 21, 2018, indicating he was no longer incarcerated.

does not indicate the nature or extent of his injuries; however, he alleges his request for medication was denied. He further states he was not seen by a doctor. He contends he was housed under maximum security conditions but he does not elaborate on the nature of those conditions. He states he was assaulted by another inmate who elbowed him in the back where he had a fractured disc. He does not indicate when that injury was sustained. He requested release to the workhouse, but his request was denied. He asserts claims under 18 U.S.C. § 245, and seeks monetary damages for emotional distress, wrongful confinement, and medical treatment for his back and knee should any be required in the future.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to

2

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Plaintiff cannot obtain relief under 18 U.S.C. § 245. This federal criminal statute permits federal prosecution for interference with a list of federally protected activities. It does not confer either substantive rights or a private right of action for damages to civil litigants. *See DuBose v. Kasich*, No. 2:11–CV–00071, 2013 WL 164506, 2 (S.D. Ohio Jan. 15, 2013); *Dugar v. Coughlin,* 613 F.Supp. 849, 852 (S.D.N.Y.1985).

To the extent Plaintiff intended to assert claims under 42 U.S.C. § 1983, which permits a private right of action for violations of constitutional rights by a person acting under color of state

law, he failed to state a claim upon which relief may be granted against these Defendants. He names the Lakewood Police Department and the Cuyahoga County Jail as Defendants. Under Ohio law, neither a police department nor a county jail is a legal entity capable of suing or being sued. *See Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 825 (S.D. Ohio 2002) (holding that the police department lacks capacity to be sued because "the Division of Police is an administrative vehicle by which the city operates and performs its functions."); *Barrett v. Wallace*, 107 F.Supp.2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued). They are merely sub-units of the municipalities they serve. *Williams v. Dayton Police Dept.*, 680 F.Supp. 1075, 1080 (S.D. Ohio 1987). In essence, claims against these Defendants are claims against the City of Lakewood and Cuyahoga County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). The Complaint, however, contains no suggestion of a custom or policy of the City of Lakewood or Cuyahoga County which may have resulted in the deprivation of a federally protected right of the Plaintiff.

4

Even if the Complaint could be construed to assert claims against individual John Doe officers, Plaintiff fails to state a claim upon which relief may be granted. He contends he had been drinking and decided to jaywalk across the street when he was struck by a police car. He does not allege facts to suggest the collision was intentional. At best, the conduct alleged can be deemed negligent. Injury caused by negligence does not constitute a deprivation of a constitutional right. *See DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 201-02 (1989). Furthermore, Plaintiff does not provide sufficient facts concerning the other incidents to determine which of the Defendants' officers were involved and in whose custody he was being held at the time. Plaintiff may proceed against John Doe Defendants; however, he must sufficiently describe the individual so he or she can be identified. *Checkpoint Sys., Inc. v. Castleton Enterprises, Inc.*, No. 5:10 CV 128, 2010 WL 1742104, at *2 (N.D. Ohio Apr. 29, 2010). This Complaint does not contain enough information to determine against whom the claims are asserted.

## Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is granted. This action is dismissed without prejudice pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

June 6, 2018

---

[2] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.